Good afternoon, your honors. May it please the court. My name is Carol Pope and I represent the appellant Christine Bailey. I would like to reserve two minutes for rebuttal, hopefully, and so this case stems from a dismissal by the district court of Miss Bailey's claims on the basis of the domestic relations exception. And she filed a complaint against the public group and her ex-husband, Michael McFarland, who is now deceased. So it is his estate. It was Derek McFarland is the representative for that estate. And the domestic relations exception is to be narrowly construed, and it is only to take jurisdiction away from the district court if the relief sought is seeking a divorce decree, a modification of child support, division of marital property or or alteration of some divorce decree. And the Supreme Court weighed in on this and can grant versus Richards and and confirmed that those were the three areas that the district court is not to have jurisdiction over. And really, what we're looking at is the type of relief that is being sought. And in this case, Miss Bailey is not seeking a modification of a divorce decree, and she's not asking that the court, the district court, divide their assets. This issue as to the ownership of the couple in the public group was already decided in their agreement and contemplation of divorce. And in that agreement, it's stated that Mr. McFarland and Miss Bailey had equal ownership and it had an entitlement to distributions, equal distributions of any income. If I can interrupt for just a moment, I understand everything you've just said, but what this looks to me like, it looks like essentially a suit to enforce the divorce decree. The argument being that Mr. McFarland defrauded her and that, in fact, there was a real ownership interest in the public group and that we're talking about enforcement of the divorce decree that he's avoided by fraud. I think that's the charge, isn't it? It's the charge is that Mr. McFarland, together with the public group, who is owned basically by Derek McFarland, defrauded Miss Bailey and and committed conspiracy as to her ownership in that company. Would there be personal jurisdiction in Hawaii over the relevant parties, the son and the public group? There would not be, your honor, which which is is why we couldn't be bringing it in the divorce court is there is there's no ties for the public group to the Hawaii court. Is there a personal jurisdiction over the son? No, there's not, your honor. Because he has no ties in the in the Hawaii. So there would not be. In what capacity is he here? Is he representing the state? He is the representative of the estate now. Yeah, so is there no jurisdiction over the estate of Mr. McFarland for something arising out of the divorce decree? There would potentially be jurisdiction as to his estate because Mr. McFarland was, I mean, he was at the time of the divorce. He resided in Hawaii, so there would be jurisdiction, I believe, over the estate. However. So maybe there should be jurisdiction over someone who's the representative of the of the estate. There could be jurisdiction over somebody who's the representative of the of the estate. And the son is the representative of the estate. The son, for the purposes of this, this action has been appointed as the representative of the estate. There actually is no estate that was formally opened. But he was, as the person who received Mr. McFarland's ownership interest and Ms. Bailey's ownership interest, and was the person closest to Mr. McFarland, the district court did determine that he would be appointed as the representative. Although it was disputed as to that. Sorry, did you finish with your question? Yes, please. Okay. These Zoom, the boxes light up and it can, excuse me, I'm not sure if someone's finished speaking. I apologize. So, Ms. Pope, are your claims, are your client's claims against the son, Mr. McFarland's son, and against the entity? What's the basis for those claims? Are they derivative of Mr. McFarland's actions? Or are they some independent claims against his son and his entity, his public group? They are independent claims, Your Honor. They stem from the fact that when Ms. Bailey's counsel attempted to obtain information out of the public group, she received a, and it was specifically requested back in 2013, that from the public group as to an explanation of what Ms. Bailey's ownership interest was in the company, how, what the couple had invested in the company, and if they no longer had an investment in the company, how that divestiture occurred. And instead of responding to that information or providing any information, they stated through their counsel, their general counsel, and that there was no interest, that she now no longer had any interest, and therefore they could not provide her with any information. And then, So you, are you arguing that they defrauded her at that point in time, as opposed to, if they defrauded at the time she entered into the divorce decree, as to the understanding of what the marital estate owned? I mean, so it was years later, I don't know how many years later it was, the attorney responds to her request and says, we can't give you any information, you don't own any part of the company. That's, that's actionable conduct in your view? That's a separate claim? That, that was when she first realized that she supposedly had no ownership. The agreement that was entered into by the couple was filed with the court in January of 2012. And it's in May of 2013, when the IRS begins investigating their taxes, that her counsel starts questioning the company, trying to find out information as to the ownership interest. So in 2000, and that's when their general counsel states, oh, this interest disappeared back in, sometime in 2008. However, at the time they entered into the divorce decree, in, I believe the agreement was signed in 2011, it's stating that they're going to be splitting their ownership interest in the company at that point. So if Mr. McFarland, you know, perpetrated a fraud on his, his wife, her soon-to-be ex-wife by saying, here we'll split the interest, and he knew there was some interest in it, did something to make it disappear after the fact, how is the public group responsible for that? I mean, were they involved in some way in the negotiation of the divorce decree or providing information? They were not involved in the divorce and, and, and in the creation of the divorce decree. However, it appears based on their actions that they are working with him to not provide the information, to not, and, and to help make that, that interest disappear. I mean. So what's the, what's the claim? What's the nature of the claim against them? The claim is a conspiracy with Mr. McFarland to make that claim go away, as well as defrauding her.  Correct. That is the claim. So your claim, your argument is that that happened after the divorce, not as part of the entry of the divorce decree. That is correct. That is our argument, because otherwise, why would, why would Mr. McFarland be agreeing to include a provision in the divorce decree that any distributions or any income received from their interest in the public group? Why would that be included if he really had no interest? At that point, he should have said there is no interest. And, and, but instead, he signed an agreement that states they are to be dividing this interest, which presumably still existed in 2012 when the divorce decree or when the settlement is filed with the court and then the Irish case from the First Circuit, which seems pretty factually similar to what you're alleging here. And there the court concluded that the plaintiff was asking the federal court to disturb the earlier award by granting her a larger share of the marital assets. How is, how is this circumstance distinguishable from, from Irish? And I recognize it's not binding because it's not in our circuit, but it does seem to be persuasive. Yes. And the difference, the difference between the Irish case and the case at hand is the court was being asked to reallocate. I mean, that was an allocation of assets between the spouses that the district court was being asked to. And in this case, we're not asking that the court allocate and make a determination as to how their interests should be split. We are asking that the agreement, which is basically a contract between two parties, be enforced and that her interests and she'd be entitled to receive her interest. And there's not to be any change as to the agreement. It's, it's that her interest and any income, any distributions should be going to her. You just said she's asking for enforcement of the agreement, enforcement of the divorce decree. And when you started, I thought you said the domestic relations exception applied to the formation, enforcement or modification of divorce decrees, alimony, child custody. Why wouldn't this enforcement of the divorce decree fall within the exception? If I, if I said enforcement, I misspoke. It's, it's, more having to do with the allocation of assets. And I would say it's similar to the Crouch case, which is in the Sixth Circuit. I realize it's not binding. However, there, there were not a lot of cases that were really factually similar to this. And in that case, the court actually enforced or actually granted damages and similar to what we're asking for damages for her interest in the company. In the Crouch case, the wife was seeking damages that she was entitled to under the separation agreement for actually money that was owed to her in the form of alimony. And, and so there's a fine line, a fine distinction between actually making a determination as to what, what she is supposed to receive versus if that determination has already been made, which it has in this case, then giving her the damages that she's entitled to. And that's what we're asking for. We're asking that she be compensated for the interest that she was entitled to receive. Let's hear from the other side. And you've got about two and a half minutes reserved. All right. Thank you, Your Honor. Good afternoon, Your Honors. I'm Tom Knox representing the respondents. We believe the domestic relations exception is applicable in this case because the claims made in the federal action are inextricably intertwined with the Hawaii family court divorce decree. The family court for the state of Hawaii has retained jurisdiction in this case. The settlement agreement, the agreement in contemplation of divorce is by its terms made a part of the Hawaii divorce decree. And there has been at least one filing by the respondent McFarland, who is now deceased, specifically addressing the claims made by the appellant in this case, but filed in the Hawaii divorce court prior to the institution of this litigation. The Hawaii family court and its by the claims made by the appellant for at least in at least four ways. First, if the respondent McFarland did have an ownership in the public group at the end of his marriage, then he has committed a fraud on the Hawaii family court by filing a statement of assets and debts, which omitted that ownership interest. Moreover, he has perjured himself in front of the Hawaii family court by the declaration he filed in January of 2015 before this federal litigation was initiated. Those two filings go to the heart of the appellant's claims in this federal court action, and they're both matters to be resolved by the Hawaii family court. Secondly, Mr. McFarland's alleged failure to disclose his assets in the statement of debts and assets would be a grounds for reopening the entire divorce decree issued by the Hawaii family court. So that any court hearing the appellant's claims have to be prepared to reopen that decree. Third, the appellant's conduct in front of the Hawaii family court raises issues of notice and waiver. The appellant claims in her complaint that Mr. McFarland repeatedly assured her during their marriage that he had ownership interest in the public group, and yet in the asset and debt statement filed by the appellant, by respondent McFarland in the Hawaii family court, he did not miss any such interest. So the court hearing this matter will have to decide whether in light of her current claims, the appellant was on notice regarding the alleged omission on the asset and debt statements, and that's a matter to be decided by the Hawaii family court where the initial filing was made. And finally, the court that accepts this case will also have to interpret the decree. Paragraph 10 of the settlement agreement, which is incorporated in the decree, says that the parties will split equally any income or distributions from the public group or related entities. But McFarland's declaration filed in the family court states that he received from the payments he received from the public group were loan payments, loan repayments evidently without interest, and he of course stated in his declaration that they were concluded before the end of the marriage, those payments. But if, as the appellant contends, such payments were received after the end of the marriage, then the Hawaii family court will have to interpret its own decree. It will have to decide whether loan repayments without marriage constitute income or distribution. Okay, I understand everything you said, I think, Mr. Knox. I've got a question for you though as a practical matter. Yeah. Assume for a moment that all of the allegations on Ms. Bailey's side are true. Does she have impersonum jurisdiction over the relevant parties in order to get relief? I don't know. I have to say I just don't know. What I'm sure is that the jurisdiction over the son, McFarland? McFarland is appointed by this court as the representative of the estate. He is not the administrator of the estate. In fact, he was appointed by the district court here as representative once his father had died over his objection. He claiming that there was something of a conflict of interest between the father's company business. Now, I understand that impersonum jurisdiction and subject matter jurisdiction are very different things. Yeah. But it would be an odd result if we said that we don't have subject matter jurisdiction. And the consequence then is that Ms. Bailey has absolutely no remedy because she can't get personal jurisdiction over the relevant parties. Well, I think she there's a couple things that should happen here. One is that it should this should the court sustain the district court and this case be dismissed. First, there has to be a representative of the estate appointed. And that actually is on the appellant. You can open up the involuntary probate and have somebody established as the administrator of the estate. I don't believe it should be Derek McFarland because there would be a conflict of interest between his company and his father. But so far as we have been able to ascertain, and I think we open. So first of all, the appellant would have to open up an involuntary probate, have an administrator appointed somewhere, perhaps in Hawaii, and then serve them. Secondly, I don't concede that you couldn't get a white state court jurisdiction over the public group, which is a Utah entity. If if as the appellant claims, they sold an interest to them, said public groups sold an Hawaii and that figures in the divorce case, then that may establish the minimum contacts for the purposes of that particular transaction. Yeah. So who is it precisely that you're representing? I represent both both the public group and I do represent Derek McFarland as the court appointed over his objection representative of Michael McFarland in this action only. In representing the public group, have you made any objection to your persona and jurisdiction in this case? No, but I don't think the issue I don't think it's. Well, that's not the question in front of us. Yeah, no, we've made no we've made no objection. It hasn't come up with an issue as far as far as I could ascertain. Yeah, well, that's it's a waivable defect. And assuming this case goes forward, you might have waived it. All right. Well, that's not now in front of us. Yeah, I all I can say is we we objected to the appointment of Gary McFarland as the personal representative on a number of grounds, including the fact that he's in Utah. Yeah, yeah, yeah. Well, and these are side questions, but I'm trying to figure out as a practical matter if the allegations are true. And of course, I don't know whether they're true or not. If their allegations are true, there should be some form in which to sort these out. I strongly suspect it's not a federal forum, and it looks as though Hawaii is the right choice, but I'm trying to figure out if that will actually work. Well, as I said, I the outline for it would first of all, you'd have to have some court appoint someone to be a representative of the Michael McFarland estate. The public group is in Utah. If the allegations are true in the complaint, which we, of course, contest, then they were doing business in Hawaii to the extent that they sold an interest in themselves to a Hawaiian resident by Michael McFarland. OK. The appellant. The appellant argues that the exception should be narrowly construed, and that's an accurate statement of the law. They also they also contend, however, the appellant that the case does not is not that the exception is not applicable here because the case does not involve divorce, child custody or alimony, and that's not accurate. The appellant claims that this case falls outside the exception because she has pled her case under tort and contract cases. There are a variety of cases all cited in our brief holding that you can't get around the exception by artful pleading. The most the singular, most applicable case out there is the Irish case, which the judge has already referred to. That's a First Circuit case, but it's it is on all fours with our case. Three and a half. Pardon me? Maybe not four. Three and a half. All right. You know, I'll take three and a half almost all the time. So the trial court, the judge is no divorce settlement. The husband disclosed he had a 6% interest in the company. The wife accepted her share of that in the divorce settlement. Two years later, after the divorce had been finalized, the husband received 25% of the proceeds by reason of what the court referred to as phantom equity. The wife sued the husband claiming fraud and breach of contract to fully disclose his assets. The trial court actually threw out or refused to hear the fraud claims based on the on the exception. That line of reasoning, I think, would carry forward addresses the appellant's claims in this case. But the trial retained the breach of contract claims and reversed. And the appellant court reversed the trial court and said the exception applied even to the contract. The Irish court said that cognizant of the fact that property distribution and alimony arrangements necessarily accompany divorce exist in an inextricable relation to each other and jointly declare rights and obligations arising under marital status under state law. In other words, property settlement is a marital status issue. The Irish court first further said the domestic relations exception covers attempts to determine or modify not only alimony awards but also the marital property during divorce. In other words, the exception applies. We've read Irish. You don't have to read it to us. All right. I'm sorry. It's okay. I think under Irish, it stands for the proposition that alimony and property settlements are on equal footing as far as exception is concerned and that interpreting a decree regarding property settlement is the same as making the decree in the first place for the purposes of the exception. Both of those militate in favor of applying the exception here. To conclude, the exception should be applies here. An extension is appropriate where, as here, the Hawaii family court has a continuing jurisdiction. Whereas here, the settlement agreement is incorporated in the Hawaii divorce decree. Whereas here, there is an action to enforce that decree. It's merely pled under different other theories. Whereas here, the Hawaii family court and its processes are implicated by the claim that Mr. McFarland committed fraud on the court by lying on the 2012 assets and debts statement and perjured himself in the 2015 declaration. Whereas here, the court accepting this case will have grounds, if the appellant's claims are true, to reopen the divorce decree based on the allegedly fraudulent 2012 assets and debt statement. And finally, where the court bill in any event may have to interpret the decree by determining whether the repayment of the loan without interest, if McFarland's statement is credited, really counts as income and distribution under the settlement agreement. It's not clear that they would. So for all those reasons, we believe that the learned trial court below reached the right decision and we ask that this decision be sustained. Are there any questions? There's not. Thank you very much. Thank you. Ms. Pope, you've saved some time. Yes, thank you, your honor. So the issue as to the ownership and whether that was admitted from Mr. McFarland's statement was really resolved by adding the paragraph, paragraph 10, into the settlement agreement where it's acknowledged that their ownership interest and any income from that ownership interest or distributions would have to be divided equally between the parties. And it's our position that we would not be able to bring a conspiracy claim or a fraud claim over the public group in the divorce action. And the reason it was brought in Sacramento, or actually not in Sacramento, in Northern California was because after the divorce, Mr. McFarland moved to Northern California. And therefore, both the public group and in an LLC, their location is determined by their members. And while Derek McFarland and the public group itself is organized in Utah, Michael McFarland had an interest in that entity. And therefore, that is why Northern California was the correct place to be bringing that action. And I do not believe that we would be able to obtain jurisdiction over the public group. Therefore, if this case is dismissed, we're not going to be able to pursue that type of a claim. And I also, it's our position that it's, you know, if there's any, if we get the documents from the public group and we can see what happened to the interest and what distributions were actually made, we would be able to determine whether there were distributions made. And if there were distributions made to Mr. McFarland, those need to be shared equally with the parties. Therefore, we would ask that the domestic exceptions not be applied to this action and that it be remanded down to the district court in the normal course of pursuing the case. And if there are any other questions, I'd be happy to answer, but I'm almost out of time. Okay, I think for the questions, thank both sides for their interesting arguments in this interesting case. Bailey versus McFarland now submitted for decision. Thank you.
judges: W. Fletcher, Rawlinson, Bade